UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMPSON SURGICAL INSTRUMENTS, INC., a Michigan corporation,

    Plaintiff,

v.

T.KOROS SURGICAL INSTRUMENTS CORP., a California corporation,

    Defendant.

Case No. 1:03-CV-0867

Judge Richard Alan Enslen

## PLAINTIFF'S RULE 12(f) MOTION TO STRIKE

Pursuant to Fed. R. Civ. P. 12(f), Plaintiff Thompson Surgical Instruments, Inc. ("Thompson") respectfully moves the Court for an order striking T.Koros Surgical Instruments Corp.'s ("Koros") first and second affirmative defenses as insufficient. Rule 12(f) provides that "the court may order stricken from any pleading any insufficient defense." The defenses Thompson seeks to have stricken are (1) Koros' first affirmative defense that Thompson has failed to state a claim on which relief may be granted and (2) Koros' second affirmative defense of invalidity and unenforceability.

## BRIEF IN SUPPORT OF MOTION

### I. KOROS'S AFFIRMATIVE DEFENSE THAT THOMPSON HAS FAILED TO STATE A CLAIM SHOULD BE STRICKEN

Koros' first affirmative defense states, "The Complaint fails to state a claim upon which relief can be granted." This allegation should be stricken because it is insufficient in that it fails to apprise Thompson how its asserted claims of patent infringement are lacking. Specifically, Thompson has alleged that it owns the patents in suit (Complaint ¶ 8), and that, among other

things, Koros has manufactured, used, sold and offered for sale products that infringe the patent in suit (Complaint ¶ 10). These Thompson allegations state a claim for patent infringement. Accordingly, Koros' first affirmative defense should be stricken. *See e.g., Advanced Cardiovascular Systems, Inc. v. Medtronic, Inc.*, 1996 U.S. Dist. LEXIS 11696, *38-*39 (N.D. Cal. 1996) (relevant pages at Ex. A).[1]

## II. KOROS' BROAD AND GENERAL ALLEGATIONS OF INVALIDITY AND UNENFORCEABILITY SHOULD BE STRICKEN

Koros has pled that "The '087 patent is invalid or unenforceable under the patent laws of the United States." (Koros' second affirmative defense.) It is settled law that such general recitation of wholesale sections of the Patent Laws do not provide the minimal specificity required under Fed. R. Civ. P. 8. *See, e.g., Advanced Cardiovascular Systems, Inc. v. SciMed Systems, Inc.*, 40 U.S.P.Q.2d 1291, 1293 (N.D. Cal. 1996) (Ex. B);[2] *Advanced Cardiovascular*

---

[1] "Medtronic's First Amended Answer asserts the following affirmative defenses: (1) failure to state a claim upon which relief can be granted . . .. In order to state a claim for patent infringement, a plaintiff must allege that the defendant makes, uses, offers to sell, or sells the patented invention within the United States, during the term of the patent, and without the authority of the patent holder. Plaintiff here has pled that "ACS has an exclusive license under the rights, interest and legal title' to the [patents in suit], and that 'Medtronic has manufactured, used, sold, or distributed PTCA catheters . . . which infringe one or more claims' of the [patents in suit]. For purposes of evaluating the sufficiency of pleadings, all averments must be taken as true and construed in the light most favorable to the pleading party. Given that plaintiff has alleged the essential elements of patent infringement, **the Court finds plaintiff's pleading sufficient and strikes this affirmative defense with prejudice**." (Citations omitted, emphasis added.)

[2] "SciMed's invalidity defense alleges: 'Each and every claim of the '346 patent is invalid for failure to meet the patentability standards of **35 U.S.C. § 1 et seq.**' Answer at P 14. Under Rule 8 of the Federal Rules of Civil Procedure, an affirmative defense must be pled with the minimal specificity necessary to give the plaintiff "fair notice" of the defense. *Wyshak*, 607 F.2d at 827. Defendant's general reference to a series of statutory provisions does not provide plaintiff with fair notice of the basis for this defense. Therefore, **the Court hereby strikes defendant's invalidity defense** with leave to amend." (Emphases added.)

2

*Systems, Inc. v. Medtronic, Inc.*, 1996 U.S. Dist. LEXIS 11696, *38-*39 (N.D. Cal. 1996) (relevant pages at Ex. A).[3] Accordingly, these allegations should be stricken.

## III. CONCLUSION

For the foregoing reasons, Thompson respectfully requests that Koros' first and second affirmative defenses be stricken as insufficient.

Respectfully submitted,

Dated: March 3, 2004

James M. Shade (P33572)
WHEELER UPHAM
Second Floor, Trust Building
40 Pearl Street, N.W.
Grand Rapids, MI 49503
(616)459-7100

Lawrence M. Jarvis
Alejandro Menchaca
William B. Gont
McANDREWS, HELD & MALLOY, LTD.
500 West Madison, 34th Floor
Chicago, Illinois 60661
(312) 775-8000

*Attorneys for Plaintiff,*
THOMPSON SURGICAL INSTRUMENTS, INC.

---

[3] "Medtronic asserts as an affirmative defense that the [patents in suit] 'are invalid, unenforceable and/or void for failure to meet the requirement of the United States patent laws, including but not limited to **35 U.S.C. §§ 101-112, 120-121, 135, 146, and 291**." Under Rule 8 of the Federal Rules of Civil Procedure, an affirmative defense must be pled with the minimal specificity necessary to give the plaintiff 'fair notice' of the defense. *Wyshak*, 607 F.2d at 827. Since the sections referred to by defendant provide numerous grounds for finding a patent invalid, defendant must provide a more specific statement of the basis for this defense in order to give ACS fair notice of the claims being asserted. Accordingly, **the Court hereby strikes this affirmative defense** with leave to amend." (Emphases added.)

## STATEMENT OF NON-CONCURRENCE LR 7.1

Defendant's counsel, Richard A. Gaffin, declined to concur with this motion on March 3, 2004.

Date: March 3, 2004

                                         James M. Shade (P33572)
                                         WHEELER UPHAM